# UNITED STATES DISTRICT COURT

FILED
U.S. DIST. COURT
SAVANNAH DIV.

# SOUTHERN DISTRICT OF GEORGIA

'07 AUG 21  P 4: 42

CLERK_____
SO. DIST. GA.

# SAVANNAH DIVISION

GREGORY GILLILAN,    )
    )
    Plaintiff,    )
    )
v.    )    Case No.  CV407-120
    )
CAIL, 3rd SHIFT PRISON GUARD,    )
    )
    Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted a complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*.[1]  Plaintiff, however, is barred from proceeding *in forma pauperis* due to the three strikes provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility,

---

[1] Although this case was originally filed in the Middle District of Georgia, plaintiff's IFP motion was still pending before the court when the case was transferred to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).

> brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Gillilan v. Cannon, 1:06-CV-00114-WLS, doc. 4 (M.D. Ga. Aug. 18, 2006) (dismissing as frivolous under 18 U.S.C. § 1915(e)(2)); Gillilan v. Brown, 1:06-CV-00124-DHB-WLB, docs. 12, 17 (S.D. Ga. Dec. 21, 2006) (dismissing for

failure to state a claim); and <u>Gillilan v. Thomas</u>, 1:06-CV-00122-DHB-WLB, docs. 9, 12 (S.D. Ga. Jan. 10, 2007) (dismissing for failure to state a claim). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that the "3rd [s]hift [g]uard, who works at night flips the [250] watt light on, blinking it." Doc. 1. Plaintiff contends that flashing lights cause seizures, and that he suffered a seizure and was rushed to the emergency room. <u>Id.</u> He further alleges that he was denied medical attention until the "1st [s]hift [g]uard came on." <u>Id.</u> Plaintiff, however, acknowledges that he went to a hospital after his seizure. <u>Id.</u> A federal court is not required to presume "imminent danger" whenever a prisoner complains of a medical issue, and here plaintiff's allegation that he suffered a seizure on a single occaion when a gaurd flipped a light switch off and on does not establish that he remains

in imminent danger of serious physical injury. Accordingly, plaintiff is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this _21st_ day of **August, 2007.**

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**